**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANTHONY D. WEST, ADC #136126                                                    PLAINTIFF

v.                                              No. 5:11CV00126 JLH

JOHN LYTLE, Dr.,
Jefferson Regional Hospital                                                     DEFENDANTS

## OPINION AND ORDER

Anthony West, a prisoner at the Randall L. Williams Correctional Facility in Pine Bluff,

Arkansas, brings this action pro se pursuant to 42 U.S.C. § 1983, alleging that John Lytle, M.D., a

licensed Arkansas physician practicing in Pine Bluff, deprived him of constitutional rights by

negligently performing hip replacement surgery in late August 2010, which resulted in one leg being

three-fourths of an inch longer than the other.  On September 19, 2011, Lytle moved to dismiss the

complaint, arguing that service of process was improper, West did not exhaust administrative

remedies, and the complaint failed to state a plausible section 1983 claim.  Because West's

complaint fails to state a section 1983 claim, the complaint will be dismissed pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.

The pleading standards, and the correlative standards for ruling on a motion to dismiss under

Rule 12(b)(6), are well known.  A complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a)(2) does not

require a complaint to contain detailed factual allegations, it does require a plaintiff to state the

grounds of his entitlement to relief, which requires more than labels and conclusions.  *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  In ruling

on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and

review the complaint to determine whether its allegations show that the pleader is entitled to relief.

*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

A pro se complaint is to be liberally construed and must be held to less stringent standards than a complaint drafted by a lawyer.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  The Court does not, however, have a duty to create claims, rewrite complaints, or invent legal arguments that *pro se* plaintiffs have entirely failed to allege.  *See Giles v. Wal-Mart Dist. Ctr.,* 359 Fed. Appx. 91, 93 (11th Cir. 2009) ("[L]iberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (internal quotations and citations omitted); *Hyde v. United States,* 85 Fed. Cl. 354, 357 (Fed. Cl. 2008) ("[T]here is no duty for a court to create any claims that are not spelled out in Plaintiff's [ pro se ] pleading . . .").

Section 1983 provides a means to vindicate rights guaranteed by the Constitution or laws of the United States; it does not create substantive rights.  *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000).  An allegation of deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and may give rise to a claim under section 1983.  *Estelle*, 429 U.S. at 104-05, 97 S. Ct. at 291.  West's only allegation, however, is that Lytle negligently performed surgery, which is a basic medical malpractice claim.  *See, e.g., Estelle*, 429 U.S. at 107, 97 S. Ct. at 293 (noting that neglecting to provide necessary medical attention is, at most, medical malpractice).  West admits in his response to the motion to dismiss that he is not alleging anything more than negligence when he states that he "is not claiming that defendant maliciously meant to cause harm

2

or that it was defendants [*sic*] intent to perform the hip replacement surgery [improperly] . . . ." Pl.'s Motion to Deny Motion to Dismiss, p. 2.  It is well settled that medical malpractice and even gross negligence is insufficient to sustain a section 1983 claim.  *See, e.g., Estelle*, 429 U.S. at 106, 97 S. Ct. at 292; *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) ("Medical malpractice alone . . . is not actionable under the Eighth Amendment.").[1]

Because West's only allegation is that Lytle negligently performed surgery, and because negligence in providing medical care is not a violation of the Constitution or laws of the United States, West's complaint fails to state a claim for relief under section 1983.  Lytle's motion to dismiss is GRANTED.  Document #16.  This action is dismissed without prejudice so that West can, if he chooses, pursue his claim in the courts of the State of Arkansas.  West's motion to stay these proceedings is DENIED.  Document #23.

IT IS SO ORDERED this 1st day of November, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

_____

[1] Medical malpractice is a claim under state law, not federal law.  *See* Ark. Code Ann. § 16-114-201 *et seq.*